IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE GAMBLE, <br> TDCJ #380684, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § | CIVIL ACTION NO. H-10-0400 |

## **MEMORANDUM AND ORDER**

The petitioner, Maurice Gamble (TDCJ #380684), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Gamble has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petition names Warden Kennedy as the respondent. Because Gamble is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes his Director Rick Thaler as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I.     BACKGROUND

Gamble indicates that he is presently incarcerated as the result of two 1984 convictions from Dallas County, Texas, for aggravated robbery and attempted capital murder. As a result of these convictions, Gamble is serving a 99-year prison sentence. Gamble does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding lodged against him at the Ellis Unit, in Huntsville, Texas, where he is presently confined.[2]

Gamble explains that he was charged in disciplinary case #20090328031 with violating prison rules in an undisclosed manner. Gamble was found guilty following a disciplinary hearing on July 31, 2009. As a result of the disciplinary conviction, Gamble lost commissary and recreational privileges for 30 days. He was also restricted to his cell for 30 days and reduced in classification status from S3 to S4. Later, the Unit Classification Committee reduced his classification again. Gamble challenged the reduction in status by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Gamble now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Gamble complains that the disciplinary conviction violates due process. He claims further that his subsequent reduction in classification status violates double jeopardy and constitutes retaliation. For reasons set forth below, however, the Court finds that

---

[2]     Dallas County, where Gamble's underlying convictions were entered, is not located within the Southern District of Texas. Because Gamble is currently incarcerated in Walker County, which is within the Southern District, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

Gamble's allegations fail to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.  PRISON DISCIPLINARY PROCEEDINGS

Gamble seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in miscellaneous sanctions. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas corpus petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Gamble appears to allege that the disciplinary conviction has adversely affected his classification status and his eligibility for early release from prison onto parole. This

argument does not implicate any particular right found in the Due Process Clause. In that respect, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Accordingly, Gamble's petition depends on the existence of a constitutionally protected interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

Gamble indicates that he is eligible for mandatory supervision, but concedes that he did not lose any good-time credits as a result of the prison disciplinary conviction at issue in his petition. [Doc. # 1, *Petition*, ¶ 18]. As a result of his disciplinary conviction, Gamble lost commissary and recreational privileges for 30 days and he was restricted to his cell for that same period of time. He was also reduced in classification status from S3 to S4. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an

4

inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the sanctions at issue do not implicate a protected liberty interest, Gamble is not entitled to habeas corpus relief under the Due Process Clause.

Nevertheless, pointing to the disciplinary sanctions, Gamble claims that his a subsequent reduction in status by the Unit Classification Committee — which occurred after the disciplinary conviction was entered — violated the prohibition against double jeopardy. This argument is without merit. The Double Jeopardy Clause, contained in the Fifth Amendment to the Constitution, states that no person shall "be subject for the same offense twice to be put in jeopardy of life or limb." U.S. CONST. amend. V. This clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See United States v. Usery*, 518 U.S. 267, 273 (1996). Prison disciplinary proceedings do not constitute criminal prosecutions. *See Wolf*, 418 U.S. at 556. Because prison disciplinary proceedings are not criminal prosecutions, they do not implicate the protections found in the Double Jeopardy Clause. *See Turner v. Johnson*, 46 F. Supp. 2d 655, 667-68 (S.D. Tex. 1999); *see*

*also Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir. 2006) ("'[I]t is well established that prison disciplinary sanctions' . . . 'do not implicate' double jeopardy protections") (quotation omitted); *United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996) (stating that "prison disciplinary proceedings do not bar future criminal prosecutions" for purposes of the Double Jeopardy Clause) (citations omitted). Accordingly, this provision does not form a basis for habeas corpus relief.

Gamble alleges further that, because the Unit Classification Committee reduced his classification status after his disciplinary conviction was entered, the UCC must have acted in "retaliation." To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Even if the UCC reduced his status because of the disciplinary conviction, this allegation does not show that his classification status was reduced for the exercise a specific constitutional right. Nor does Gamble allege facts showing that, but for a retaliatory motive, his classification status would not have been reduced by the Unit Classification Committee for an otherwise legitimate reason. Gamble's conclusory allegations are simply insufficient to state a retaliation claim or to demonstrate a constitutional violation. *See Richardson v. McDonnell*, 841 F.2d 120 (5th Cir. 1988).

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of*

*Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Accordingly, the pending federal habeas petition must be dismissed.

### III.  **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 18th, 2010.

Nancy F. Atlas
United States District Judge